H. H. Russell, of Monroe, attorney for defendant, appellant.

## No. 3367

## Second Circuit

## MASK v. CITY OF MONROE

(December 19, 1928. Opinion and Decree.)

### STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff sued defendant for $5,000.00 for personal injuries alleged to have been suffered by her in a collision between a street car owned and operated by defendant and an automobile occupied and driven by her. She alleges that the collision was caused by the carelessness of the driver of the street car.

Defendant denied that plaintiff was injured as alleged and denied that its servant was negligent and alleged that the collision was caused by the carelessness of plaintiff in driving suddenly and unexpectedly to its servant in front of the approaching car and that the driver of the car was unable for that reason to avoid striking the automobile.

On these issues the case was tried and there was judgment in favor of the plaintiff and against the defendant for $1,000.00 and defendant appealed. Plaintiff has answered the appeal and asks that the amount of the award be increased.

OPINION.

The circumstances of the collision are testified to, on behalf of plaintiff, by Mrs. Eva Hundley, Miss Sybil Mask, Filhoil Breard, and the plaintiff herself, and on behalf of the defendant by T. J. Wainright, Mrs. Rosa Copeland, and Joe LaDort.

The testimony of the first four named witnesses was accepted by the trial court as entitled to greater weight than that of the last three named witnesses, and we concur in that view of it.

According to the testimony of the first four named witnesses the plaintiff drove an automobile out of Harrison Street and into Jackson Street in the City of Monroe, Louisiana, and proceeded north in Jackson Street upon the space carrying the street car tracks until stopped by a traffic officer just before she arrived at DeSiard Street and was held there to await a removal of congestion of traffic that existed at that point, and while the automobile was being held at that place under those circumstances it was run into from the back by a street car owned and operated by the defendant, injuring plaintiff and damaging the automobile.

Under these facts the defendant is clearly liable for damages for the injury done to plaintiff and the damage to the automobile.

Plaintiff testified that in consequence of the collision she suffered much pain and some bruises to her body and that the pain continued down to the time of the

trial, some thirteen months after the collision. Under this evidence we are not disposed to reduce the amount of the award allowed plaintiff.

And the evidence shows that plaintiff was able to return to her work on the third day after the collision and had been continually at work up to the time of the trial. We are therefore of the opinion that the prayer for an increase in the amount of the award should not be granted.

For these reasons, it is ordered, adjudged and decreed that the judgment appealed from be affirmed.