## No. 668

### First Circuit

---

### YORK v. STARNS

---

(June 30, 1930. Opinion and Decree.)
(October 7, 1930. Rehearing Refused.)

---

B. Purser and M. Purser, of Amite, attorneys for plaintiff, appellant.

A. L. Ponder, of Amite, and M. C. Rownd, of Springville, attorneys for defendant, appellee.

MOUTON, J. Plaintiff, a negro, was shot by defendant at a sawmill quarters in Livingston parish at the hour of one a. m. June 14, 1929. He was shot, as we understand the testimony of Dr. Gothreax, on the right side of the middle clavicular line, and that the bullet ranged slightly upward, emerging at the back. No vital organ was touched, and the injury did not cause serious pain, as no sedative was administered to the patient.

The evidence shows he was under treatment about thirty days, and at the Charity Hospital in New Orleans approximately seven or eight days. The physician says that he was well when he returned from the hospital, but that no permanent injury would result.

At the trial, in April, 1930, the negro testified, that at that time, he sometimes, when sitting down, felt where he was shot. No doubt the wound was of a serious character as appears from the description given of its nature by the attending physician, Dr. Gothreax.

The district judge gave him judgment for $123.75 for loss of time after he was injured, and for $50 for the tortious act of defendant to him.

Counsel for defendant is asking for an affirmance of the judgment, while counsel for plaintiff is asking for an increase to the sum of $2,180.75, the amount claimed by plaintiff.

Counsel for defendant cites Mask v. City of Monroe, 9 La. App. 417, 121 So. 250, where it was held that the amount of damages allowed by the trial court will not be disturbed on appeal when it appears from the evidence that it is fair and reasonable.

The record shows that plaintiff paid the expenses he had incurred for the trip he made to New Orleans when he went to the hospital, and that, after he got well, had to pay for his groceries or living expenses during the 55 days he had been unable to work on account of the injuries which resulted from the wound defendant had inflicted. Though the amount incurred for those expenses was not specifically established, they, however, constituted an element of damage which must be recognized. Besides, he was shot through the body, and no doubt, escaped death or extremely serious injury simply because his vital organs were not struck by the bullet. Although he did not suffer severe pain at the time he was wounded to the extent of requiring a sedative, he must of necessity have experienced some pain or suffering. The fact is that during the trial, which took place several months after he had been wounded, he said he still felt where he had been shot, which indicated that there was still a lingering sensitiveness where the injury had been inflicted.

Although much discretion must be left to trial judges in assessing damages in cases of this character, as contended for by counsel for defendant, when, however, the allowance is not fair and reasonable, the duty of the appellate court is to raise it to a sum sufficient to meet the ends of justice.

In this case we find, for the reasons hereinabove given, that the amount decreed is insufficient and should be increased to the sum of $500, with legal interest from judicial demand.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be increased from the sum of $173.75 decreed below, to the sum of $500, with legal interest thereon from judicial demand, and, as thus amended, the judgment be affirmed; all cost to be paid by defendant.